

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-62,970-06

### IN RE MICHAEL DEAN PERRY, Relator

### ON APPLICATION FOR A WRIT OF MANDAMUS
### CAUSE NO. 42,139-A IN THE 188TH DISTRICT COURT
### FROM GREGG COUNTY

*Per curiam*.

### O R D E R

Relator filed a motion for leave to file a writ of mandamus pursuant to the original jurisdiction of this Court. In it, he contended that he filed an application for a writ of habeas corpus in the 188th District Court of Gregg County, that more than 35 days had elapsed, and that the application had not yet been forwarded to this Court.

The District Clerk responded to this Court's abatement order. According to the response, Relator filed two 11.07 writ applications on June 15, 2015. On the State's motion, the District Judge signed an order finding that the writ applications were non-compliant with the Rules of Appellate Procedure, and directing the District Clerk to return the writ applications to Relator. The District

Attorney kept a copy of one of the writ applications, but "discarded the other 800 plus pages," as it was expected they would be part of a re-filed writ application.

The Rules of Appellate Procedure, effective January 1, 2014, state that, "[t]he district clerk of the county of conviction shall accept and file all Code of Criminal Procedure article 11.07 applications." TEX. R. APP. P. 73.4(a) (West 2016) (eff. Jan. 1, 2014). Rule 73.2, which formerly authorized district clerks to return writ applications that were not on the form to applicants, now says that this Court "may dismiss an application that does not comply with these rules." TEX. R. APP. P. 73.2 (West 2016) (eff. Jan. 1, 2014).

The District Judge's order contravened clearly controlling legal principles, and caused the District Clerk to violate her ministerial duty to file the writ applications and forward them to this Court in accordance with Chapter 11 of Code of Criminal Procedure and Rule of Appellate Procedure 73. However, because the District Clerk does not have Relator's writ applications, and the District Attorney has only an incomplete copy of one of the writ applications, Relator has no remedy apart from re-filing his writ applications. Therefore, his motion for leave to file an application for a writ of mandamus is denied.

While this mandamus action was pending, Relator filed a motion to waive service and several motions to supplement. The motions contain many pages of exhibits, which appear to be from or related to his habeas corpus applications. His motions are dismissed. All motion exhibits shall be returned to Relator.

Filed: February 10, 2016

Do not publish